## EASTMAN KODAK CO. v. SOUTHERN PHOTO MATERIAL CO.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1923.)

### No. 4129.

**1. Monopolies ⬅28—Activities of agent in advising defendant's customers how to conduct business held "transaction of business," within Clayton Act.**

Activities of defendant's agent in advising defendant's customers how to conduct their business, in prescribing methods of selling and requiring them to be complied with as a condition precedent to securing other shipments of goods of defendant's, exclusive manufacture, *held* to constitute the "transaction of business," within Clayton Act, § 12 (Comp. St. § 8835k), authorizing suits under the Anti-Trust Law (Comp. St. §§ 8820–8823, 8827–8830), in any district wherein defendant transacts business.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transacting Business.]

**2. Appeal and error ⬅1053(6)—Monopolies ⬅28—In an action for damages, decree and pleadings in government suit admissible, and admission of opinion harmless.**

In action to recover damages on account of defendant's violation of the Anti-Trust Act of July 2, 1890 (Comp. St. §§ 8820–8823, 8827–8830), under Clayton Act, § 5 (Comp. St. § 8835e), the pleadings and final decree in a suit against defendant by the government were admissible, and the admission of the court's opinion was harmless error, where the court limited the effect of the evidence to the decree and the verdict was much less than could reasonably have been rendered.

**3. Monopolies ⬅28—Plaintiff's damages held provable by past experience.**

In an action to recover damages on account of defendant's violation of the Anti-Trust Act of July 2, 1890 (Comp. St. §§ 8820–8823, 8827–8830), whereby plaintiff's established business was injured, the future profits, which would have been made but for defendant's practices, could be shown by past experience.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Damages** ⊚⟶184—**Reasonable basis of computation held sufficient.**

Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate.

5. **Monopolies** ⊚⟶28—**Admission of evidence as to decrease in business in articles manufactured by plaintiff held proper.**

In an action to recover damages on account of defendant's violation of the Anti-Trust Act of July 2, 1890 (Comp. St. §§ 8820–8823, 8827–8830), in the sale of photographic goods, evidence of an alleged decrease in plaintiff's business as to "mounts" of its own manufacture *held* admissible on the question whether plaintiff's business had been injured.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the Southern Photo Material Company against the Eastman Kodak Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Alex W. Smith, of Atlanta, Ga., and John W. Davis, of Greensburg, Kan. (Smith, Hammond & Smith, of Atlanta, Ga., Frank L. Crawford, of New York City, and Clarence P. Moser, of Rochester, N. Y., on the brief), for plaintiff in error.

Daniel MacDougald and Spalding, MacDougald & Sibley, all of Atlanta, Ga. (Fowler & Fowler, of Knoxville, Tenn., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is a suit to recover damages alleged to have been sustained by the Southern Photo Material Company, plaintiff, on account of the violation by the Eastman Kodak Company, of New York, defendant, of the Anti-Trust Act of July 2, 1890 (Comp. St. §§ 8820–8823, 8827–8830). The plaintiff is a Georgia corporation, and had been engaged since 1901, in Atlanta; in the business of selling photographic goods to professional photographers and to amateurs. Its assets exceeded its liabilities by less than $100,000. The defendant is a New York corporation, having its principal place of business in Rochester, N. Y. It is a large manufacturer of photographic goods. Its capital stock is entirely owned by the Eastman Kodak Company of New Jersey, which has a capital stock of $35,000,000.

The defendant has never registered as a nonresident corporation for the purpose of doing business in Georgia, but was accustomed to sell its goods to as many as 126 dealers in that state. Its traveling salesmen visited these dealers, and solicited and procured from them orders, which were transmitted either to its home office, or to its branch office in New York City. The orders transmitted to the home office were subject to acceptance or rejection, but the orders transmitted to the New York City office, if they came from regular customers, were usually filled without reference to the home office. The defendant also employed demonstrators, whose duties were to show both the retail dealers and consumers how to use defendant's goods, and to convince them that they were superior to competing goods. These

demonstrators also accepted orders from photographers and other consumers and sent them to nearby retailers to be filled. The defendant also had agents, two of whom resided in Atlanta, whose duties were to visit its customers and to require them to comply with and abide by its terms of sale, according to which goods manufactured by it could not be resold by its customers, except at prices fixed by it, and then only to consumers, but not to other customers or retailers, and could not be sold at all in competition with goods placed on the market by other manufacturers.

The suit was brought in the Northern district of Georgia, and the process of the court, which was issued within that district, was served upon the defendant at its home office in Rochester. The defendant entered its special appearance, traversed the return of the marshal, and pleaded specially to the jurisdiction of the court; but the court overruled the traverse of service and the special plea, and required the defendant to plead to the merits.

At the trial the court admitted, over defendant's objection and exception, the bill of complaint, the answer, the opinion, and the decree of the trial court, which became final, in a suit brought by the government against the defendant for violations of the anti-trust laws of the United States, in which the violations complained of were similar to the violations complained of in this suit. The court charged the jury to limit their consideration of the effect of such evidence to the final decree.

There was evidence that the defendant would not permit its customers, all of whom were required to comply with its terms of sale, to sell other competing, though superior, goods, but that on many occasions the defendant bought out such competing lines of goods, when in its opinion competition rendered that advisable. An instance of this is shown by defendant's refusal to allow its customers to sell "Artura" paper, which was superior to the paper used for the same purpose and manufactured by the defendant; but finally, on account of the great demand for such paper, the defendant bought out the company which manufactured it, and thereafter allowed its customers to sell it. It is unnecessary to detail the evidence on the question of monopoly, because it is not denied that the jury was warranted in finding that the defendant was maintaining a monopoly.

In 1901, the plaintiff became a regular customer of the defendant, adhered in the main to its terms of sale, and reported several instances of violations by other dealers. In January, 1910, the Eastman Kodak Company of New Jersey purchased the Glenn Photo Supply Co., a retail store in Atlanta, and shortly thereafter the defendant, the New York corporation, refused to make further sales of its goods to the plaintiff, except at list prices, so that the plaintiff was unable to resell such goods at a profit. In April, 1910, the plaintiff purchased the branch store of the Ansco Company in Atlanta, and acquired the right to sell amateur goods to dealers, but not to professional photographers or consumers. The evidence does not disclose that the defendant, at the time it broke off relations with the plaintiff, knew of the latter's contract with the Ansco Company. The court left it to the

jury to determine whether the defendant ceased to sell to the plaintiff because of the latter's relations with the Ansco Company, or because it desired to perpetuate a monopoly in the sale of its own goods.

As a result of defendant's refusal to continue to sell goods to the plaintiff at such prices as would permit resales at a profit, the plaintiff became unable to procure certain lines of goods manufactured exclusively by the defendant, and lost whatever profits it might have made upon the sales of such goods. In proving its damages the plaintiff adopted the method of showing its gross profits for a period of years immediately preceding the severance of business relations between it and the defendant, deducting therefrom the estimated cost of handling and selling goods of defendant's manufacture, which the plaintiff claims it could have sold to its customers during the period after it ceased to be defendant's customer. Upon this question of the measure of damages the court charged the jury that the plaintiff could not recover anything, if it assisted the defendant to build up a monopoly.

The court, over defendant's objection and exception, admitted evidence of a decrease in plaintiff's business in 'mounts,' which are cardboard frames for photographs, and which the plaintiff had been selling to professional photographers. The verdict was ·for $7,914.56. The plaintiff's evidence as to damages would have supported a much larger verdict.

The defendant assigns error and contends: (1) That the trial court did not acquire jurisdiction of the defendant; (2) that the bill of complaint and the opinion of the court in the earlier case of United States v. Eastman Kodak Co. (D. C.) 226 Fed. 62, should not have been admitted in evidence; and (3) that the evidence as to damages was inadmissible, and too uncertain.

[1] 1. Section 12 of the Clayton Act provides that process, in suits under the anti-trust laws brought in any district wherein the defendant transacts business, may be served in the district of which such defendant is an inhabitant. 38 Stat. 736. It is contended that the service of process in this case was void, because the defendant was not transacting business in Georgia. We are of opinion that the activities of defendant's agents, in advising defendant's customers how to conduct their business, in prescribing methods of selling and requiring them to be complied with, as a condition precedent to securing other shipments of goods of defendant's exclusive manufacture, were such acts as to constitute the transaction of business. Defendant's agents did not accept orders and cause them to be filled by its mercantile customers for any other purpose than to increase defendant's business.

[2] 2. Section 5 of the Clayton Act (38 Stat. 731) provides that any decree in a suit by the government for a violation of the anti-trust laws shall be prima facie evidence against the defendant therein in any subsequent suit brought by any other party against such defendant. The final decree was therefore admissible in evidence. We think the pleadings were properly admitted to explain the issues upon which the decree was based. We agree that the opinion of the District Court

should not have been admitted, but we think the error was harmless, in view of the fact that the court limited the effect of this evidence to the decree, and of the further fact that the verdict was for much less than could reasonably have been rendered, and appears not to have been influenced by reason of the opinion in the government suit.

3. There was evidence from which the jury could justly reach the conclusion that the plaintiff was not a party to the alleged monopoly, and therefore was not in pari delicto with the defendant. The jury could well have believed that the plaintiff complied with defendant's restricted terms of resale, for the reason that otherwise the plaintiff could not purchase or secure the goods necessary in the conduct of its business. The plaintiff was a small concern, and its approval or disapproval of defendant's methods of doing business was a matter of no moment. The reason which actuated the defendant in refusing to continue the plaintiff as one of its customers was properly submitted to the jury. The evidence fails to show that the defendant had knowledge of plaintiff's contract with the Ansco Company at the time the contract was made. Clearly it could not be held as a matter of law that the defendant was acuated by innocent motives, rather than by a desire and intention to perpetuate a monopoly.

[3, 4] The contention that the evidence as to the measure of damages was uncertain, is, in our opinion, untenable. The plaintiff had an established business, and the future profits could be shown by past experience. It was permissible to arrive at net profits by deducting from the gross profits of an earlier period an estimated expense of doing business. Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate. The defendant, whose wrongful act creates the difficulty, is not entitled to complain that the amount of the damages cannot be accurately fixed. Anvil Mining Co. v. Humble, 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814; Hetzel v. B. & O. R. R. Co., 169 U. S. 29, 18 Sup. Ct. 255, 42 L. Ed. 648; Pierce v. Tenn. Coal, Iron & R. R. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591; Wakeman v. Wheeler & Wilson Manfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676; 3 Williston on Contracts, §§ 1345, 1346.

[5] It was not error to admit evidence as to the alleged decrease in plaintiff's business in 'mounts' of its own manufacture. Such evidence bore directly upon the question whether plaintiff's business had been injured.

The judgment is affirmed.