**FARMINGTON DOWEL PRODUCTS CO.**

v.

**FORSTER MFG. CO., Inc. and Theodore R. Hodgkins.**

**Civ. No. 7–73.**

United States District Court
D. Maine, S. D.
Nov. 2, 1967.

C. Keefe, Hurley, Earle C. Cooley, of Hale & Dorr, Boston, Mass., John A. Mitchell, John W. Philbrick, Portland, Me., for plaintiff.

Robert W. Meserve, John R. Hally, of Nutter, McClennon & Fish, Boston, Mass., Joseph B. Campbell, Augusta, Me., Richard A. Tilden, New York City, for defendants.

## MEMORANDUM TO COUNSEL AND ORDER OF THE COURT

GIGNOUX, District Judge.

By the Court's memorandum and order dated April 17, 1967, 299 F.Supp. 1043, you were advised that the Court will rule at the trial that:

(1) Subject to the provisions of paragraph (3) hereof, those portions of certified copies of the decisions and orders of the Federal Trade Commission in Docket No. 7207 (*Forster Mfg. Co., Inc., a corporation, and Theodore R. Hodgkins, individually and as President of Forster Mfg. Co., Inc.*) which relate to skewers are admissible in

evidence, and plaintiff may use them as prima facie evidence against the defendants in this action.

\*　\*　\*　\*　\*　\*

(3) The specific portions of said decisions and orders of the Federal Trade Commission to be admitted as prima facie evidence against the defendants in this action shall be those delineated by the Court following specification by the parties of the portions they will seek to use at the trial and the presentation of briefs and oral argument in accordance with the schedule set forth in the Pre-Trial Order dated February 20, 1967.

In accordance with that ruling, plaintiff has specified that it intends to offer at the trial the following portions of the decisions and orders of the Federal Trade Commission in Docket No. 7207:

1. Examiner's Initial Decision dated February 2, 1962, as it relates to skewers.

2. Opinion of the Commission dated January 3, 1963, as it relates to skewers.

3. Final Order dated March 18, 1963, as it relates to skewers.

4. Opinion on Remand dated July 23, 1965, as it relates to skewers.

5. Final Order dated July 23, 1965, as it relates to skewers.

The Court having now received and considered the written and oral arguments submitted by the parties in support of their respective positions with respect to the admissibility of the foregoing decisions and orders as prima facie evidence, you are now advised that the Court will rule at the trial that:

1. When the plaintiff offers said decisions and orders in evidence:

(a) The entire text of said decisions and orders will be admitted in evidence solely for record purposes.

(b) Only so much of the Commission's final order, dated July 23, 1965, as relates to skewers will be admitted in evidence as a physical exhibit for consideration by the jury.

(c) The Court will, after an examination of the portions of said decisions and orders relating to skewers, instruct the jury as to their scope and effect in the present action.

(d) The Court will similarly instruct the jury in its charge at the conclusion of the trial.

(The Court will anticipate that counsel will include suggested instructions in the trial briefs to be filed in advance of trial.)

2. The only matters respecting which said decisions and orders constitute prima facie evidence against the defendants in this action are:

(a) That in the period 1956 to 1958, the defendants Forster Mfg. Co., Inc. and Theodore R. Hodgkins discriminated in sales of skewers by charging prices to four customers which were lower than the prices which they charged to other customers as follows:

(If the details of such sales cannot be stipulated, the Court will determine them from its review of the Commission's decisions and orders.)

(b) That the effect of such discriminations in price by the defendants may be substantially to lessen competition on the part of other manufacturers and sellers of skewers.

3. That, as the issues are presently framed, said decisions and orders do not constitute prima facie evidence against the defendants in this action as to any other matters determined in that proceeding.

The bases of the foregoing rulings are as follows:

## I

Section 5(a) of the Clayton Act (15 U.S.C. § 16(a) (1964)) provides:

A final judgment or decree heretofore or hereafter rendered in any

civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken or to judgments or decrees entered in actions under section 15a of this title.

 Nothing in the language of Section 5(a) requires the admission of any portion of the final judgment or decree in the prior proceeding as an exhibit for consideration by the jury. The statutory requirement is only that the final judgment or decree in the prior proceeding be given effect as "prima facie evidence." In Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951), the Supreme Court discussed the manner in which this statutory requirement should be met, stating that "no mechanical rule can be laid down to control the trial judge, who must take into account the circumstances of each case. He must be free to exercise 'a well-established range of judicial discretion.'" *Id.* at 571, 71 S.Ct. at 415. While the practice among the lower federal courts has varied, (Compare Eastman Kodak Co. v. Southern Photo Material Co., 295 F. 98 (5th Cir. 1923), aff'd, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); and Sablosky v. Paramount Film Distributing Corp., 137 F.Supp. 929, 933–936 (E.D.Pa. 1955); and Twentieth Century Fox Film Corp. v. Brookside Theatre Corp., 194 F.2d 846 (8th Cir.), cert. denied, 343 U.S. 942, 72 S.Ct. 1035, 96 L.Ed. 1348 (1952) with Theatre Enterprises v. Paramount Film Distribution Corp., 201 F.2d 306, 315 (4th Cir. 1953), aff'd, 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273

(1954) and Emich Motors Corp. v. General Motors Corp., 181 F.2d 70 (7th Cir. 1950), modified, 340 U.S. 558, 71 S.Ct. 408 (1951)), the mandate of *Emich Motors* is that the trial judge, after full consideration of the circumstances in a particular case, should utilize that procedure which is most appropriate in presenting to the jury a clear picture of the issues decided in the prior proceeding which are relevant to the case on trial. As the Court in *Emich Motors* stated,

It is the task of the trial judge to make clear to the jury the issues that were determined against the defendant in the prior suit, and to limit to those issues the effect of that judgment as evidence in the present action. * * * He is not precluded from resorting to such portions of the record, including the pleadings and judgment, in the antecedent case as he may find necessary or appropriate to use in presenting to the jury a clear picture of the issues decided there and relevant to the case on trial. 340 U.S. at 571–572, 71 S.Ct. at 415.

 In the present case an examination of the decisions and orders of the Commission which have been specified by plaintiff indicates that it is not possible to separate out those portions of the prior decisions and orders which can be given effect under Section 5(a) from those which cannot, without substantial risk that the jury will be confused or misled. Under such circumstances the Court has concluded that the jury will be more adequately informed as to the scope and effect of the prior proceedings by oral instructions in accordance with the procedure approved by the Supreme Court in *Emich Motors. See* Seamans, Winson & McCartney, Use of Criminal Pleas in Aid of Private Antitrust Actions, 3 Duquesne L.Rev. 167, 189–210 (1965); Note, 65 Harv.L.Rev. 1400, 1403–06 (1952).

## II

 In Emich Motors Corp. v. General Motors Corp., *supra,* the Supreme

Court held that Section 5(a) of the Clayton Act incorporates the general principles of the doctrine of estoppel. The Court stated:

We think that Congress intended to confer, subject only to a defendant's enjoyment of its day in court against a new party, as large an advantage as the estoppel doctrine would afford had the Government brought suit.

The evidentiary use which may be made under § 5 of the prior conviction of respondents is thus to be determined by reference to the general doctrine of estoppel.

340 U.S. at 568, 71 S.Ct. at 413. In Yates v. United States, 354 U.S. 298, 335–338, 77 S.Ct. 1064, 1085–1087, 1 L.Ed.2d 1356 (1957), the Supreme Court defined the scope of the doctrine of estoppel in the following terms:

That doctrine makes conclusive in subsequent proceedings only determinations of fact, and mixed fact and law, that were essential to the decision. * * * The Evergreens v. Nunan, 141 F.2d 927, 928 [152 A.L.R. 1187].

*Id.* at 336, 77 S.Ct. at 1086, and,

The normal rule is that a prior judgment need be given no conclusive effect at all unless it establishes one of the ultimate facts in issue in the subsequent proceeding. So far as merely evidentiary or 'mediate' facts are concerned, the doctrine of collateral estoppel is inoperative. The Evergreens v. Nunan, 141 F.2d 927, 152 A.L.R. 1187; Restatement, Judgments § 68, comment *p.*

*Id.* at 338, 77 S.Ct. at 1087. *Cf.* Haverhill Gazette Co. v. Union Leader Corp., 333 F.2d 798, 803 (1st Cir. 1964). The distinction between an ultimate fact and a mere evidentiary or "mediate" fact to which the Court referred in *Yates* is that delineated by Judge Learned Hand in the cited case of The Evergreens v. Nunan, as follows:

[A] 'fact' may be of two kinds. It may be one of those facts, upon whose combined occurrence the law raises the duty, or the right, in question; or it may be a fact, from whose existence may be rationally inferred the existence of one of the facts upon whose combined occurrence the law raises the duty, or the right. The first kind of fact we shall for convenience call an 'ultimate' fact; the second, a 'mediate datum.' 'Ultimate' facts are those which the law makes the occasion for imposing its sanctions.

141 F.2d at 928. This distinction has been adopted by the Restatement, Judgments § 68, comment p. (1948 Supp.).

■ *Emich Motors* and *Yates* make it clear that the prima facie evidence effect in a private antitrust action of a final judgment or decree in a government antitrust action is limited to determinations which were *necessary* to the decision in the government litigation and which establish *ultimate* facts in the private action. Gottesman v. General Motors Corp., 221 F.Supp. 488 (S.D.N.Y. 1963); Note, 65 Harv.L.Rev. 1400 (1952); *cf.* International Shoe Machine Corp. v. United Shoe Machinery Corp., 315 F.2d 449 (1st Cir. 1963).

Plaintiff cites Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190, 224–226 (9th Cir.), cert. denied, 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964); Twentieth Century Fox Film Corp. v. Brookside Theatre Corp., *supra*; and Sabloski v. Paramount Film Distributing Corp., *supra,* in support of its contention that Section 5(a) gives prima facie effect to a determination of any issue in the government litigation which is relevant to an issue in the private action. A reading of these cases, however, reveals that the limitations of the doctrine of estoppel were apparently not called to the attention of the courts in *Goldwyn* and *Sabloski,* while *Brookside* does not express any view necessarily contrary to that expressed here. Furthermore, the court in *Goldwyn* expressly declined to decide which determinations would be admissible because the defendants had not argued this point in their brief. 328 F.2d at 226.

### III

An examination of the orders and decisions of the Commission which have been specified by plaintiff discloses that the only determinations which were necessary to the Commission's decision and which establish ultimate facts in issue in this action as evidenced by the present posture of the pleadings are: (1) That the defendants Forster Mfg. Co., Inc. and Theodore R. Hodgkins engaged in price discrimination in the sale of skewers; and (2) That the effect of such discrimination may be to substantially lessen competition in the sale of skewers.

If in the course of further proceedings in this action issues are raised in addition to those disclosed by the pleadings as presently framed, the Court may determine at that time what, if any, other determinations of the Commission may be given prima facie effect under Section 5(a).