The same to be settled on notice.

---

## PROPER v. JOHN BENE & SONS, Inc., et al.

(District Court, E. D. New York. November 30, 1923.)

1. Pleading ⚖=363—Power to strike out should be exercised with caution.

The power to strike out allegations of a pleading should be exercised with caution.

2. Judgment ⚖=540—Prior adjudication, to be "res judicata," must involve same issues and same parties, or their privies.

A prior adjudication, to be "res judicata," must have been a determination of the same issues between the same parties, or their privies, and it must have been a final judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

3. Judgment ⚖=547—Trade-marks and trade-names and unfair competition ⚖=96 —Order of Federal Trade Commission not final judgment, and not res judicata.

A proceeding before the Federal Trade Commission results in an order which has no effect in itself, unless made operative by the Circuit Court of Appeals, and the doctrine of res judicata has no application thereto.

4. Monopolies ⚖=28—Proceeding before Federal Trade Commission held not competent evidence in action for damages for attempting to monopolize trade.

Under Clayton Law, § 5 (Comp. St. § 8835e), providing that a final judgment or decree in a criminal prosecution or any proceeding in equity, brought by or on behalf of the United States under the anti-trust laws, shall be prima facie evidence in any suit or proceeding brought by any other party against such defendant under said laws, held, that a proceeding before the Federal Trade Commission and a finding thereon are not competent evidence in an action for damages for attempting to monopolize trade.

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Pleading ⊚⟶364(5)—Allegations of violation of acts of Congress held mere conclusions.**

Allegations of the violation of acts of Congress *held* mere conclusions of law, and should be stricken out.

6. **Pleading ⊚⟶364(3)—Cause of action under Federal Trade Commission Act, repeating allegations made under Sherman Anti-Trust Act, stricken out.**

No new cause of action is given by either the Federal Trade Commission Act (Comp. St. §§ 8836a–8836k) or the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830), but the latter provides for a new rule of damages, and a cause of action under the Federal Trade Commission Act, merely repeating the allegations of the cause alleged under the Sherman Anti-Trust Act should be stricken out.

At Law. Suit by Nathan Proper, an individual doing business as the Proper Antiseptic Laboratory, against John Bene & Sons, Inc., and others. On motion to strike out certain paragraphs of the complaint. Motion granted.

Edward P. Sobel, of New York City, for plaintiff.

Frederick N. Van Zandt, of New York City, for defendants.

GARVIN, District Judge. This is a motion for an order striking out paragraphs twelfth, thirteenth, and fourteenth of the first alleged cause of action set forth in the amended complaint, such part of paragraph thirtieth of the third alleged cause of action as realleges the contents of the first three mentioned paragraphs, and the entire third alleged cause of action.

The suit is brought to recover treble damages for injuries caused to plaintiff's business by the unlawful acts of defendants. The first cause of action is for treble damages, and is based upon defendants' attempt to monopolize the trade in disinfectants in a manner constituting a violation of the Act of Congress approved July 2, 1890, known as the Sherman Anti-Trust Law (Comp. St. §§ 8820–8823, 8827–8830). The second cause of action is likewise for treble damages sustained as a result of a fraudulent and criminal combination and conspiracy by defendants to prevent lawful competition in the sale of disinfectants in such a manner as also constituted a violation of the Anti-Trust Law. The third cause of action is based upon the same allegations of fact upon which the first cause of action rests, except that the amended complaint alleges that they constitute a violation of the Act of Congress entitled "An act to create a Federal Trade Commission," which became a law on September 26, 1914 (Comp. St. §§ 8836a–8836k). Under this cause of action only actual damages are demanded.

Paragraph twelfth sets forth certain proceedings which were had before the Federal Trade Commission, its findings and order entered thereon. Paragraph thirteenth alleges that the proceeding before the Federal Trade Commission is a proceeding in equity on behalf of the United States under the Anti-Trust Laws and that the findings of that Commission as to the facts are conclusive. Paragraph fourteenth alleges that defendants employed unfair methods of competition in Interstate Commerce in violation of the act to create a Federal Trade Commission and the Sherman Anti-Trust Act.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] It is true, as urged by plaintiff, that the power to strike out should be exercised with caution. Irrelevant and redundant allegations as such do no harm, and motions to strike them from a pleading are frequently denied. We have therefore to examine the amended complaint with care, to ascertain whether the paragraphs to which objection is taken contain allegations of facts which cannot be proved at the trial and reference to which would be prejudicial to defendants.

[2, 3] The proceeding before the Federal Trade Commission was against John Bene & Sons, Inc., only. It is difficult to see, therefore, how it can be competent as res adjudicata in this action. Any prior adjudication must have been a determination of the same issues between the same parties, or their privies, as pointed out in Fish v. Vanderlip, 218 N. Y. 29, 112 N. E. 425, Ann. Cas. 1916E, 150. Furthermore the proceedings before the Federal Trade Commission did not result in a final judgment or decree. The result of the proceedings before the Commission is an order which has no effect in itself, unless made operative by the Circuit Court of Appeals, which has power of review. The doctrine of res adjudicata has no application unless a final judgment is involved. Webb v. Buckelew, 82 N. Y. 555, and authorities therein cited.

[4] Of course, it may be conceded that any allegations have a proper place in any pleading, if their presence is specifically authorized by statute, and the plaintiff vigorously contends that there is such authorization by section 5 of the Act of Congress known as the Clayton Law, which went into effect October 15, 1914. Section 5, supra (Comp. St. § 8835e), provides:

"That a final judgment or decree hereafter rendered in any criminal prosecution or in any suit or proceeding in equity brought by or on behalf of the United States under the anti-trust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, this section shall not apply to consent judgments or decrees entered before any testimony has been taken: Provided further, this section shall not apply to consent judgments or decrees rendered in criminal proceedings or suits in equity, now pending, in which the taking of testimony has been commenced but has not been concluded, provided such judgments or decrees are rendered before any further testimony is taken."

This section is claimed by plaintiff to refer to a proceeding before the Federal Trade Commission, and to make it incumbent upon this court to hold that the proceeding before said commission referred to in paragraph thirteenth, supra, is competent evidence in this action.

An analysis of section 5 of the Clayton Act, supra, discloses that there are six requirements contained in said section 5 with which compliance must be had in order to make the proceedings competent evidence in this suit: (1) The judgment or decree must be final. (2) It must have been rendered in a criminal prosecution or in a suit or proceeding in equity. (3) The prosecution, suit, or proceeding must have been brought by or on behalf of the United States. (4) It must have been instituted under the anti-trust laws. (5) It must be to the effect

that a defendant has violated those laws. (6) It shall be prima facie evidence against that defendant.

Considering these in the order set forth, the court is constrained to hold: (1) That the proceedings before the Federal Trade Commission did not result in a final judgment or decree. (2) There is grave doubt whether the proceedings before the Commission is a proceeding in equity. The Commission itself is rather an investigating body than a judicial tribunal, and its order has no binding effect until it has received the judicial sanction of the Circuit Court of Appeals. (3) Strictly speaking, it would seem that the proceeding is not brought by or on behalf of the United States, inasmuch as it is instituted by the Federal Trade Commission, although it may well be held that this body as a creature of the government may be said to be acting on behalf thereof. (4) The suit or proceeding must be brought under the anti-trust laws. Neither the Federal Trade Commission Act in its references to anti-trust acts, nor the Clayton Act in its references to anti-trust laws, includes the Federal Trade Commission Act in such a classification. Therefore the proceeding before the Federal Trade Commission is not such a proceeding as is held by section 5 of the (Federal Trade Commission) Act to be competent evidence, as asserted by plaintiff. (5) The discussion of the fourth requirement is applicable to the fifth. (6) The act permits the proceedings before the Commission to be received as prima facie evidence against such defendant. In the case at bar there are various other defendants.

Plaintiff argues that there is no necessity to have the parties the same, "because the statute expressly said that it is permissible against the defendant in any action." The statute reads:

"Against such defendant in any suit or proceeding brought by any other party against such defendant under said laws."

It is apparent that, if Congress had intended the construction claimed by plaintiff, the statute would have read:

"In any suit or proceeding brought by any other party against such defendant or against various defendants, one of whom was a defendant in a proceeding before the Commission."

If the foregoing conclusions are correct, paragraphs twelfth and thirteenth in the first cause of action are improper; by the same reasoning they are improper in the third cause of action, contained in the amended complaint, and must be stricken therefrom.

[5] Paragraph fourteenth seems to consist of nothing more than conclusions of law. It states that two acts of Congress have been violated, and inasmuch as the defendants are now on notice of what plaintiff will claim with respect to the facts, paragraph fourteenth adds nothing to the amended complaint. It should therefore be stricken out.

[6] It appears to the court that the third cause of action sets up nothing more than a repetition of the first cause of action. If so, it is not properly in the complaint. No new cause of action is given by either the Federal Trade Commission Act or the Sherman Anti-Trust Act. The latter does provide for a new rule of damages.

Upon the argument, defendants urged that, if the motion be granted,

plaintiff be directed to serve an amended complaint within 20 days after the service of a copy of the order to be entered upon the decision of this motion, which amended complaint should omit all matters hereby ordered stricken out. This request is not unreasonable, as it will result in the pleadings before the court and jury at the trial being in such shape as to exactly conform with this decision; there will then be no possibility of the jury seeing anything which physically remains in the pleading, although theretofore stricken therefrom by order of the court.

Motion granted. Settle order on notice.