NEW JERSEY WOOD FINISHING COM-
PANY, Plaintiff,

v.

MINNESOTA MINING AND MANUFAC-
TURING COMPANY, and Essex
Wire Corp., Defendants.

Civ. A. No. 964–61.

United States District Court
D. New Jersey.

April 19, 1963.

Hannoch, Weisman, Myers, Stern &
Besser, Albert G. Besser, Herbert M.
Guston, Newark, N. J., and Ralph M.
Lowenbach, Newark, N. J., for plaintiff.

Charles C. Trelease, Newark, N. J., Sidney P. Howell, Jr., Edwin E. McAmis, New York City, Thomas J. Lyons, White Bear Lake, Minn., of counsel, for defendant Minnesota Mining & Manufacturing Co.

AUGELLI, District Judge.

This is a private action under the antitrust laws of the United States, sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and section 7 of the Clayton Act, 15 U.S.C.A. § 18.

Plaintiff, New Jersey Wood Finishing Company, is engaged in the manufacture of electrical insulation products in this State and in the sale and distribution of said products by independent distributors throughout the United States. Defendant Minnesota Mining and Manufacturing Company ("3M") is a diversified nationwide manufacturing company, also engaged in the electrical insulation field. Defendant Essex Wire Corp. ("Essex") is a substantial customer for electrical insulation products and, until August 1956, owned and operated Insulation & Wires, Inc. ("IWI"), a national distributor of these products for various manufacturers.

Plaintiff is seeking, in both counts of its amended complaint, to recover treble damages as provided by section 4 of the Clayton Act, 15 U.S.C.A. § 15, for injuries suffered to its business by reason of defendants' alleged unlawful acts. The first count of the complaint charges that since August 1956 defendants have conspired to restrain, and attempted to monopolize, trade in the manufacture, sale and distribution of electrical insulation products in interstate commerce, in violation of sections 1 and 2 of the Sherman Act. Plaintiff pleads a number of acts allegedly carried out by defendants in furtherance of their conspiracy and attempted monopolization, beginning with 3M's acquisition of IWI from Essex in August 1956 and up to the filing of the original complaint in this case on November 20, 1961. The second count alleges that the effect of such acquisition was substantially to lessen competition and to tend to create a monopoly, in violation of section 7 of the Clayton Act. By order of this Court filed April 15, 1963, Essex was dismissed as a defendant in count two of the complaint.

Defendant 3M has, by stipulation, deferred filing its answer and moves at this time that the complaint be dismissed, pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted; or, in the alternative, that summary judgment be entered in its favor pursuant to Rule 56(b) of the Federal Rules. The basis for this motion is the four year statute of limitations in section 4B of the Clayton Act, 15 U.S.C.A. § 15b, which provides that "[a]ny action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. * * *"

This action is admittedly brought under section 15 of Title 15, which is section 4 of the Clayton Act. Therefore, plaintiff can apparently only maintain its cause of action against 3M if such action accrued since November 20, 1957, four years prior to the date the original complaint was filed. Since 3M's acquisition of IWI, which is conceded by the parties to be the main thrust of plaintiff's claim in both counts, took place in August 1956, outside the four year limitation period, 3M argues that plaintiff's causes of action under the Sherman and Clayton Acts are now barred.

Plaintiff contends that even assuming that its cause of action against 3M accrued in August 1956, the running of the statute of limitations was tolled by section 5(b) of the Clayton Act, 15 U.S.C.A. § 16(b). That section provides as follows:

"Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, * * * the running of the statute of limitations in respect of every private right of action arising under said laws and based in

whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: *Provided, however,* That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued."

Plaintiff alleges in its complaint that during the period between June 1960 and August 1961, "a proceeding concerning substantially identical subject matter to that which is here alleged and to which 3M was a party was pending before the Federal Trade Commission in Docket No. 7973 entitled *In the Matter of Minnesota Mining and Manufacturing Company"*. 3M, conceding the existence of these proceedings, has filed, as an appendix to its reply brief, a certified copy of the complaint and consent order in the Commission action. These papers make clear that the complaint before the Federal Trade Commission was brought against 3M for alleged violations of section 7 of the Clayton Act in the acquisition of a number of companies in the electrical insulation field. Among the acquisitions by 3M involved in those proceedings was the purchase of IWI from Essex in August 1956. The complaint of the Commission alleged that the effect of these acquisitions, "and of each of them, may be substantially to lessen competition or to tend to create a monopoly in the manufacture, distribution and sale of electrical insulation products * * * in various sections of the country". This action was ultimately terminated by a consent order whereby 3M agreed to divest itself on or before January 1, 1962 of all the assets of IWI.

The issues involved on this motion concern the applicability of section 5(b) of the Clayton Act to these Commission proceedings. If these proceedings come within the meaning of section 5(b), the running of the statute of limitations would have been tolled against 3M as to any matter complained of therein. Then, the complaint filed in this case on November 20, 1961 would be timely as to any cause of action based on 3M's acquisition of IWI in August 1956, since the action was commenced within one year of the termination of the Commission proceedings.

■ First. Defendant 3M argues that section 5(b) of the Clayton Act is not operative where, as here, the earlier proceedings are terminated by consent before any testimony has been taken. This contention is based on section 5(a) of the Clayton Act, 15 U.S.C.A. § 16(a), which reads as follows:

"A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws * * *, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been taken * * *."

3M claims that the proviso in section 5(a), prohibiting the use of a consent judgment as prima facie evidence in a subsequent action, also applies to the tolling provision in section 5(b), and that therefore a proceeding terminated by consent cannot toll the statute of limitations.

This Court is of the opinion that the consent judgment proviso was intended to apply solely to the prima facie evidence provision in section 5(a). The proviso is grammatically a part of the single sentence which comprises section

5(a), separated only by a colon. Section 5(b) is separate and apart, and makes no reference to "judgments or decrees". It is the "pendency" of a "proceeding" that operates to toll the running of the statute of limitations, and the manner of termination of that proceeding is not a factor under the language of section 5(b).

■ Second. Defendant contends that the action brought by the Federal Trade Commission is not a "civil * * * proceeding * * * instituted by the United States to prevent, restrain, or punish violations of * * * the antitrust laws" within the meaning of section 5(b) of the Clayton Act. The argument is that the quoted language refers only to a judicial proceeding brought by the Antitrust Division of the Justice Department, and not to an administrative proceeding instituted by the Federal Trade Commission. 3M points out the well-known distinctions between judicial and administrative proceedings, and conjectures that Congress could not have intended a Commission proceeding to have such an effect without writing more specific language into the statute.

■ The cases coming to the Court's attention dealing with the tolling question have all involved prior Department of Justice proceedings. There appear to be no decisions as to whether or not section 5(b) is applicable in the case of a Federal Trade Commission proceeding. 3M has cited Proper v. John Bene & Sons, Inc., 295 F. 729 (E.D.N.Y.1923), which contains dicta to the effect that a proceeding before the Federal Trade Commission is not brought by the United States under the antitrust laws. But the Proper case involved the very different question of the res judicata effect of proceedings under the Federal Trade Commission Act pursuant to the present section 5(a) of the Clayton Act. There certainly can be no doubt that a proceeding brought by the Commission under section 7 of the Clayton Act is an action under the "antitrust laws". See section 1 of the Clayton Act, 15 U.S.C.A. § 12. Nor can there be much doubt today that

a Commission proceeding is an action brought by the United States. See Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., 150 F.2d 69 (2 Cir., 1945).

■ In the final analysis, the resolution of the issue of the applicability of the tolling provision in section 5(b) to Commission proceedings depends upon the legislative purposes behind the adoption of that section. It seems clear that Congress intended by section 5(b) to allow antitrust litigants an opportunity, which might otherwise be barred by the four year statute of limitations, to take advantage of facts uncovered in related Government proceedings. See Sen.Rep. 619, 84th Cong., 1st Sess., U.S.Code Cong. & Admin.News, p. 2332 (1955); Union Carbide & Carbon Corp. v. Nisley, 300 F.2d 561, 569 (10 Cir., 1962). Thus, a private party which has suffered damages to its business by reason of unlawful antitrust activity is permitted additional time to derive the benefits of a Government investigation. This purpose has nothing whatever to do with the competency of the evidence generated by the Government proceeding, or with which agency prosecuted the violation for the Government.

Both the Federal Trade Commission and the Department of Justice have concurrent jurisdiction over violations of section 7 of the Clayton Act. See section 11 of the Clayton Act, 15 U.S.C.A. § 21. It certainly would seem not to have been the Congressional intent to have plaintiff's rights turn on the fortuitous circumstance of which agency initiated the action. To permit a plaintiff to take advantage of facts uncovered as a result of a Department of Justice proceeding, but not as a result of a Federal Trade Commission proceeding brought under the same statute, does not seem logical. Thus, the difference between judicial and administrative proceedings has no meaning in the light of section 5(b)'s purpose to permit a plaintiff to take advantage of facts uncovered during the pendency of a Government proceeding. The Court,

therefore, finds that the action before the Commission is a proceeding within the meaning of section 5(b) of the Clayton Act which tolls the running of the statute of limitations.

■ Third. The remaining issue concerns the extent to which the complaint filed in this Court is saved by the tolling provision. Concededly, the running of the statute of limitations would be tolled with respect to plaintiff's claim under section 7 of the Clayton Act, based on 3M's acquisition of IWI in August 1956, which was the subject of the Commission proceeding. But plaintiff contends that the statute is also tolled as to its claims of conspiracy and attempt to monopolize under sections 1 and 2 of the Sherman Act.

Section 5(b) of the Clayton Act tolls the statute "in respect of every private right of action arising under [the antitrust] laws and based in whole or in part on any matter complained of in [the Government] proceeding". The Sherman Act claims involved here are, at least "in part", based on the same "matter complained of" in the Commission proceeding. The factual issues, centering around 3M's acquisition of IWI in August 1956 and the consequent effects of such acquisition on competition in the electrical insulation field, appear to be substantially identical in the two proceedings. See Union Carbide & Carbon Corp. v. Nisley, supra, 300 F.2d p. 570. Thus, facts uncovered by the Government in the Commission proceeding would seem to bear on the issues which are involved in this case under sections 1 and 2 of the Sherman Act.

For the reasons stated, this Court holds that section 5(b) of the Clayton Act tolled the running of the statute of limitations as to both the Clayton and Sherman Act counts of the complaint against 3M in this case. Defendant 3M's motion for dismissal, or, in the alternative, for a summary judgment will be denied. Submit order.