221 F.Supp. 15 (1963)
HIGHLAND SUPPLY CORPORATION, a corporation, Plaintiff,
v.
REYNOLDS METALS COMPANY, a corporation, Defendant.
No. 63 C 53(2).
United States District Court E. D. Missouri, E. D.
August 21, 1963.
*16 John C. Kappel, Kappel & Neill, St. Louis, Mo., Shipley, Akerman & Pickett, Washington, D. C., for plaintiff.
Lewis C. Green, Green, Hennings, Henry, Evans & Arnold, and Alan G. Kimbrell, St. Louis, Mo., Gustav B. Margraf and W. Tobin Lennon, Richmond, Va., for defendant.
MEREDITH, District Judge.
On February 14, 1963, plaintiff filed its one-count petition seeking treble damages in the amount of six million dollars resulting from defendant's alleged violation of § 7 of the Clayton Act, 15 U.S. C.A. § 18, and § 2 of the Sherman Act, 15 U.S.C.A. § 2. The complaint states that on August 31, 1956, defendant, the nation's leading producer of aluminum foil, acquired Arrow Brands, Incorporated, a firm engaged almost exclusively in the design, styling, manufacturing and sale of florist foil. As a result, Arrow became vertically integrated with defendant, its former chief supplier of plain aluminum foil. In November, 1957, Arrow announced an across-the-board price reduction on its florist foil which prices were below the cost of production of Arrow's non-integrated competitors (of whom plaintiff was presumably one). It is further alleged that on December 27, 1957, the Federal Trade Commission issued its complaint alleging defendant's acquisition of Arrow constituted a violation of the anti-merger section of the Clayton Act, 15 U.S.C.A. § 18. After hearing, the FTC issued its order of divestiture on January 21, 1960. On defendant's petition for review, the U. S. Court of Appeals for the District of Columbia, modified and as modified, affirmed the FTC order in an opinion and judgment of September 27, 1962. On October 22, 1962, the Court of Appeals entered its final decree of enforcement of the FTC order of divestiture. The instant complaint further alleges that defendant's acquisition of Arrow and Arrow's subsequent announcement of a price cut had the effects proscribed by 15 U.S.C.A. §§ 2, 18, the anti-merger and anti-monopoly sections. Defendant has moved to dismiss on the ground it fails to state a claim for the reason that it is barred by the statute of limitations, 15 U.S.C.A. § 15b, or, in the alternative, to strike paragraphs 19 and 20 which relate to the FTC proceedings and the Court of Appeals affirmance, as immaterial and highly prejudicial, and to require plaintiff to separate into counts the two statutory violations alleged.
The matter has been amply and ably briefed and oral arguments have been heard. Several important issues have been raised and while we have been inundated with citations, we have found no controlling decisions which provide guidance on the question of whether the FTC proceeding and the culmination by affirmance of the Court of Appeals tolls the running of the statute of limitations under the terms of 15 U.S.C.A. § 16(b). *17 This section provides in pertinent part that the limitation period is suspended "whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, * * *" The question thus becomes whether the FTC proceeding or the Court of Appeals review and affirmance together or separately is a "civil or criminal proceeding" "instituted by the United States". Both parties initially rely on the plain meaning of the tolling section as the ground of their opposite views. From there, support of these opposite contentions divides into the legislative history path for the defendant while the plaintiff seeks solace in the impracticality of differentiating between an FTC and a judicial proceeding in the light of the concurrent jurisdiction of the FTC and the Department of Justice over enforcement of the anti-merger section of the Clayton Act, 15 U.S.C.A. § 18, and in view of the finality given to FTC orders with or without judicial review as provided in 15 U.S.C.A. § 21(g) to (k).
Though recognizing the incongruity of finding the meaning of the statute is plain when the parties before the Court each claim different definitions for the phrase in question, still in our view "civil or criminal proceeding" plainly means a judicial proceeding and not an administrative proceeding. Such is clear to us because the words "civil or criminal" used to describe the proceeding further identifies and affirms the general understanding of "proceeding" to mean the method of conducting business before a court. We, therefore, conclude that an FTC proceeding apart from the subsequent judicial review is not a civil proceeding within the meaning of 15 U.S. C.A. § 16(b). Nor can the appellate review standing alone toll the statute because it was not instituted by the United States, but rather by this defendant.
Since, when considered separately, neither the FTC proceeding nor the appellate review and affirmance toll the statute of limitation, obviously when considered together they can have no greater effect unless we stray from the terms of 15 U.S.C.A. § 16(b). While we do find that it is significant that a divestment of a prohibited merger may be sought and obtained through different channels by either the Department of Justice or the FTC, still our view of this matter cannot alter the fact that Congress by its language has permitted the tolling of the statute only for a civil or criminal proceeding instituted by the United States. Cf. New Jersey Wood Finishing Co. v. Minnesota Mining and Mfg. Co., (D.C.N.J.1963) 216 F.Supp. 507. We, therefore, hold that the statute of limitations has not been tolled.
Though it does not toll the statute, is the FTC order or its affirmance as modified by the Court of Appeals available to plaintiff as prima facie evidence that defendant has violated the antitrust laws? Section 16(a) of Title 15 provides in pertinent part that
"A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant * * *."
As pointed out in Union Carbide and Carbon Corporation v. Nisley, (CCA 10th, 1963) 300 F.2d 561, l. c. 569, the two paragraphs of § 16 are complementary but not necessarily co-extensive in their frame of reference. We are of the view that the Court of Appeals' affirmance of the FTC divestment order taken separately qualifies as a final judgment or decree in a civil proceeding. However, neither the United States nor one acting on its behalf instituted the Court of Appeals' review. Therefore, if treated as an entity apart from the FTC proceeding, the Court of Appeals' review does not qualify under the section. In view of the 1959 amendment of the Clayton Act, 15 U.S.C.A. § 21, the FTC proceeding considered alone is brought under the antitrust laws and may be said to have been brought by the FTC "on behalf of the United States". But was it a civil *18 or criminal proceeding? Whatever the obvious differences between the prima facie evidence paragraph of § 16(a) and the tolling provisions of § 16(b), the words "civil or criminal proceeding" as used in both paragraphs have the same meaning, i. e., a judicial proceeding. Thus we conclude that neither the FTC order nor the Court of Appeals affirmance would be admissible in this private treble damage action. Cf. Proper v. John Bene & Sons, (E.D.N.Y., 1923) 295 F. 729; Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., (CCA 2nd), 150 F.2d 69, cert. den. 326 U.S. 757, 66 S.Ct. 99, 90 L.Ed. 455 (1945); New Jersey Wood Finishing Co. v. Minnesota Mining and Mfg. Co., supra.
If, as we have found, the FTC proceeding does not toll the statute, is plaintiff's claim as pleaded barred as not within the four-year limitation period prescribed in 15 U.S.C.A. § 15b? The limitation period commences according to the statute when plaintiff's "cause of action accrued". A cause of action accrues on the date on which plaintiff first has the right to bring the action. Emich Motors Corp. v. General Motors Corp., (CCA 7th, 1956) 229 F.2d 714, 59 A.L.R. 2d 159.
Defendant suggests that the offense under the anti-merger section of the Clayton Act, 15 U.S.C.A. § 18, is complete at the time of acquisition and hence plaintiff's cause of action accrued in 1956. But not every merger is violative of the law. A merger is prohibited only "where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly".[1] And even though the merger may have the proscribed effects, a private person has no right of action until he has been injured by reason of violation of the antitrust laws. 15 U.S.C.A. § 15. We have concluded that plaintiff's cause of action accrued and the limitation period commenced at the time when plaintiff first sustained damage as a result of the merger with the prohibited potential effects. Here plaintiff alleges defendant's acquisition of Arrow on August 31, 1956. This is the gravamen of the complaint. The only other act alleged is defendant's price-cutting announcement in November, 1957. It is apparent that this price-cutting action brought about plaintiff's first injury from the prohibited merger for as plaintiff notes in his brief "it was only then that plaintiff began to really feel the effects of Reynolds' attempted monopolization". Hence, we conclude that plaintiff's cause of action based on a violation of 15 U.S.C.A. § 18 accrued and the four-year statutory period began sometime in the latter part of 1957 and is barred by the statute.
Thus, while we have found that plaintiff's cause of action does not necessarily ripen at the time of acquisition, reference must be made to the violation charged, 15 U.S.C.A. § 18, to determine whether more than one subsequent action after the acquisition can give rise to successive claims by the plaintiff under 15 U.S.C.A. §§ 15, 18. Since § 18 prohibits only the acquisition with the potential proscribed effects, it follows that there is only one event subsequent to the acquisition which marks the time plaintiff's cause of action accrues. That event is the first suffering of injury as the result of the alleged prohibited merger. Hence, even though plaintiff may continue to suffer damages as a result of the acquisition, his failure to enforce his claim within four years after he first suffered injury from the prohibited merger will bar his cause of action based on a violation of 15 U.S.C.A. § 18.
However, since plaintiff does not rest on the violation of one antitrust law *19 as the basis of his single cause of action, we will consider his claim as grounded on the alleged violation of § 2 of the Sherman Act, 15 U.S.C.A. § 2. The petition in paragraph 21 states: "Reynolds acquisition of Arrow and its subsequent actions as alleged herein were and are violations of" 15 U.S.C.A. §§ 2, 18. The only "subsequent actions as alleged herein" is the single price-cutting announcement of 1957. Thus, as we read the petition as it now stands, the claim in the light of § 2 violation is likewise barred by the statute but for the different reason that the last act of the attempted monopolization or monopolization charged as having given rise to plaintiff's damage occurred in 1957. It therefore follows that the petition as bottomed on a violation of 15 U.S.C.A. § 18 should be dismissed with prejudice and as based on a violation of 15 U.S.C.A. § 2 should be dismissed for failure to state a claim on which relief can be granted.
Leave conceivably could be granted plaintiff to amend his petition only insofar as his claim based on the violation of 15 U.S.C.A. § 2 is concerned. However, the major questions ruled herein involve controlling questions of law on which there is substantial ground for difference of opinion and determination of these will materially advance the ultimate termination of the lawsuit, whether based on violation of 15 U.S.C.A. § 2 or § 18. Since there is a strong inference, from plaintiff's failure to seek amendment as of right, that the facts do not permit amendment in respect to the claim as based on 15 U.S.C.A. § 2, we have determined to dismiss with prejudice the entire complaint to afford a determination by the 8th Circuit Court of Appeals of the following questions determined here adverse to plaintiff:
1. Whether the FTC order of divestiture and the review and affirmance by the Court of Appeals for the District of Columbia taken together or separately qualify under 15 U.S.C.A. § 16(b) to toll the limitation period.
2. Whether either the FTC order of the Court of Appeals for the District of Columbia's decree enforcing that order taken together or separately may be used as prima facie evidence that the defendant has violated the antitrust laws under the requirements as set forth in 15 U.S. C.A. § 16(a).
3. Whether there is but one and only one accrual of a cause of action under 15 U.S.C.A. § 15 as based on a violation of 15 U.S.C.A. § 18.
4. And finally whether a petition under 15 U.S.C.A. § 15 based on a violation of 15 U.S.C.A. § 2 states a claim when the last action of defendant alleged to have caused the damage is shown on the face of the petition to have occurred more than four years prior to the filing of the complaint.
NOTES
[1] At least in an action brought by the United States, even if the acquisition complained of occurred many years before suit was brought, the time for determining the proscribed prospective effects is at the time of suit rather than at the time of acquisition. United States v. E. I. DuPont De Nemours & Co., (1957) 353 U.S. 586, 77 S.Ct. 782, 1 L.Ed.2d 1057.