**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 111, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, et al., Respondents.**

No. 5600.

United States Court of Appeals
First Circuit.

May 24, 1960.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Allison W. Brown, Jr., Atty., Washington, D. C., on memorandum of petitioner.

Arthur J. Flamm and Segal & Flamm, Boston, Mass., on reply of respondents.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a petition for summary entry of a decree enforcing an order of the National Labor Relations Board. The complaint alleges violation of § 8(b) (1) (A) and (2) of the Act, 29 U.S.C.A. § 158(b) (1) (A), (2) and is similar to the complaint involved in a recent decision of ours, N.L.R.B. v. Local 176, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, et al., 1 Cir., 1960, 276 F.2d 583. It appears that respondent local appeared before the Board without counsel, through its business agent, respondent Doiron. The trial examiner's report was filed on September 8, 1959, and the respondents notified. They were similarly notified that the case was being transferred to the Board, and that any exceptions should be filed by them on or before October 1, 1959. On October 5, no exceptions having been filed, the Board, pursuant to § 10(c) of the Act, 29 U.S.

C.A. § 160(c) and § 102.48 of the Board's Rules and Regulations, Series 7, as amended, adopted the findings and the order recommended by the trial examiner. Thereafter, on November 27, 1959, the Board filed the within petition. On November 30 respondents appeared through counsel and moved to extend the time for filing a reply, on the ground that counsel had just been retained. This motion did not assert any "extraordinary circumstances," as required by § 10(e) of the Act to permit us to consider freely matters upon which "no objection * * * [had] been urged before the Board * * *," except that respondents stated that they had not been represented by counsel before the Board, and that the decision of the Board was predicated on its holding in Mountain Pacific Chapter of the Associated General Contractors, Inc., 119 N. L.R.B. 883, which had been refused enforcement in N.L.R.B. v. Mountain Pacific Chapter, 9 Cir., 1959, 270 F.2d 425. Because we then had under advisement a case involving the Board's Mountain Pacific doctrine, we deferred action upon respondents' motion. On March 30, 1960, we decided the case of N.L.R.B. v. Local 176, etc., supra, in which we declined to follow the view of the Ninth Circuit, and affirmed the Board.[1] We did, however, depart, on the facts of that case, from that portion of the Board's order predicated upon the Brown-Olds doctrine, Plumbers and Pipefitters Local 231, 1956, 115 N.L.R.B. 594, which ordered disgorgement of dues. On April 8 we entered an order permitting respondents to file a reply to the petition, "limited to the scope of the order. See N.L.R.B. v. Local 176, etc., 1 Cir., March 30, 1960 [276 F.2d 583]."

Respondents have now filed a lengthy answer. They not only object to the dues reimbursement aspect of the order on the basis of our holding in Local 176, but seek to obtain a complete reversal of our approval of the Moun-

---

1. Since then the Sixth Circuit, in a decision written by a Ninth Circuit judge sitting by special assignment, has followed the Ninth Circuit view. N.L.R.B. v. E & B Brewing Co., Inc., 6 Cir., 1960, 276 F.2d 594.

tain Pacific doctrine. They also object to the scope of the order in another, quite unrelated matter. On the other hand, they state nothing with respect to extenuating circumstances. Obviously, unexplained failure to have counsel is not such. N.L.R.B. v. Pappas & Co., 9 Cir., 1953, 203 F.2d 569. Respondents are not aided in this aspect by our order of April 8, which is not "anything more than a reservation of the court's jurisdiction to decide the question[s] according to law." Marshall Field & Co. v. N.L.R.B., 1943, 318 U.S. 253, 256, 63 S.Ct. 585, 586, 87 L.Ed. 744. By our reference to the "scope of the order" we merely indicated, backhandedly, what we considered as necessarily foreclosed.

 Any order entered following a decision by the Board is, of course, the court's order, and not that of the Board. In this respect the matter differs from an appeal from a district court. We are correspondingly more concerned with the content of the order. For if, on default, we must automatically enter any order prepared by the Board Congress would in effect be giving to an administrative board the final word in the formulation of our injunctions. We recognize no such power, even if it could be thought that there was such an intent. It does not follow that an order prepared by the Board must be examined with the full scrutiny that would be accorded had respondents diligently preserved and prosecuted their rights. We think the correct rule is that in case of default an order should be enforced if it is not unreasonable on its face, and has some semblance of support on the findings below. Beyond that we see no occasion to enquire. N.L.R.B. v. Cheney California Lumber Co., 1946, 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739.

 Applying this test to the case at hand, we have no reason to reconsider our holding in Local 176. It is true that in that case we disapproved a general disgorgement order. (We did not have before us the question of lost wages, because no employee had in fact lost any work.) However, in that case the only conduct found was an exclusive hiring hall agreement which did not comply with the Board's Mountain Pacific requirements, with no finding of any actual preference given to members of the local. The findings in the case at bar go far beyond that. Here the charging party and another carpenter, both members of a sister local, were told by respondents that because of difficulties between the two locals no member of their local could receive a work permit. Subsequently they were told that they could "sit in the union office and wait until such time as all members of Local 111 were at work, and that in that event, Doiron would approve them for work." They were never in fact approved. An open-ended list whereby local members coming in later are placed ahead of non-members waiting for work simply because they are local members is the clearest kind of illegal preference. See N.L.R.B. v. Local 176, etc., supra, 276 F.2d 583 note 3. In addition, the trial examiner found that both men made efforts to transfer their membership from the sister local to the respondent in order to obtain employment with the particular employer in question, and were repulsed. In the light of such bare-faced, fundamental violation, the disgorgement order is not governed by our decision in Local 176. On the contrary, we could refuse to enforce the Board's order only if it must be ruled that the Board could never determine such relief to be proper. We would not so hold. N.L.R.B. v. Local 60, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, 7 Cir., 1960, 273 F.2d 699; cf. Virginia Electric & Power Co. v. N.L.R.B., 1943, 319 U.S. 533, 63 S.Ct. 1214, 87 L.Ed. 1568.

 A different situation obtains with respect to the provision in the Board's proposed order enjoining violation concerning not only the employer involved in this case and his employees, but also "any other employer" and his employees. We have said (on April 18, the day respondents' answer was filed herein), in a case involving a secondary

boycott, that such an order could not be justified, absent a showing that other employers had been concerned or threatened. N.L.R.B. v. Bangor Building Trades Council, AFL-CIO, 1 Cir., 1960, 278 F.2d 287. The Supreme Court has even more recently disapproved the same type of order. Communications Workers of America, AFL-CIO v. N.L.R.B., 1960, 80 S.Ct. 838. Were there some finding of involvement of other employers, we would not concern ourselves in this summary proceeding with the extent of the Board's discretion in framing relief. However, we find no suggestion in the record of any activity whatever relating to other employers. Accordingly, as matter of law, there is no basis for an order of this breadth.

A decree will be entered enforcing the order of the Board, as modified by striking out those phrases which make reference to "any other employer."