### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### FILTRON COMPANY, Inc., and Filter Workers Group, Respondents.

### No. 36, Docket 27395.

United States Court of Appeals
Second Circuit.

Submitted Oct. 16, 1962.

Decided Nov. 1, 1962.

Melvin Pollack, atty., National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Asso. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel and Melvin J. Welles, Stuart Broad, attorneys, National Labor Relations Board, on the brief), for petitioner.

Ernest H. Falk, Brooklyn, N. Y., for respondent Filtron Company, Inc.

John I. Coster, New York City, for respondent Filter Workers Group.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

This case is before the Court upon a petition of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S. C.A. § 151 et seq., for enforcement of its order issued December 29, 1961, against Filtron Company, Inc., an employer, and Filter Workers Group, a labor union. The Board found violations of the Act by both the company and the union and entered an order deemed appropriate to remedy the violations. The Board's decision and order are reported at 134 NLRB No. 158 (1961).

On October 16, 1962, the day set for oral argument, the Board, which had submitted a brief, appeared by its counsel and announced ready to proceed. Counsel for the respondent union appeared but stated that he was not prepared to offer oral argument. Counsel for the respondent company did not appear at all. We then announced that the case would be decided on submission without oral argument, and granted leave to the union and to the company to file briefs by October 23, 1962. Both respondents were duly notified, but no briefs were received.

Although such circumstances might be regarded as providing adequate basis for entry of an enforcement order by default, we have nevertheless examined the Board's decision and order in the light of the record. N.L.R.B. v. Eva-Ray Dress Mfg. Co., 191 F.2d 850 (5 Cir., 1951); N.L.R.B. v. Republican Pub. Co., 174 F.2d 474 (1 Cir., 1949); N.L.R.B. v. Industrial Metal Fabricators, Inc., 158 F.2d 14 (7 Cir., 1946). As the Court of Appeals for the First Circuit said in N.L.R.B. v. Local 111, United Brother-

hood of Carpenters and Joiners of America, AFL–CIO, 278 F.2d 823 (1 Cir., 1960):

"Any order entered following a decision by the Board is, of course, the court's order, and not that of the Board. In this respect the matter differs from an appeal from a district court. We are correspondingly more concerned with the content of the order. For if, on default, we must automatically enter any order prepared by the Board Congress would in effect be giving to an administrative board the final word in the formulation of our injunctions. We recognize no such power, even if it could be thought that there was such an intent. It does not follow that an order prepared by the Board must be examined with the full scrutiny that would be accorded had respondents diligently preserved and prosecuted their rights. We think the correct rule is that in case of default an order should be enforced if it is not unreasonable on its face, and has some semblance of support on the findings below. Beyond that we see no occasion to enquire. N.L. R.B. v. Cheney California Lumber Co., 1946, 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739."

We find no reason to deny enforcement. There is in the record sufficient evidence to sustain all of the Board's findings, including the findings that the collective bargaining agreement, and the practices conducted under it, violated § 8(a) (1), (2), and (3) and § 8(b) (1) (A) and (2) of the Act; that interrogation and threats by the company to its employees regarding their union activity violated § 8(a) (1) and (2) of the Act; and that the layoff of two employees was based upon union activity and therefore violated § 8(a) (1) and (3) of the Act. The Board's order is also entitled to stand.

Enforcement granted.