**VOLASCO PRODUCTS COMPANY**

v.

**LLOYD A. FRY ROOFING COMPANY.**

Civ. A. No. 3525.

United States District Court
E. D. Tennessee, N. D.

June 19, 1963.

See also, 6 Cir., 308 F.2d 383.

William C. Wilson, Knoxville, Tenn., for plaintiff.

Jonathan Burnett, Frantz, McConnell & Seymour, Knoxville, Tenn., Burton Y. Weitzenfeld, Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for defendant.

ROBERT L. TAYLOR, Chief Judge.

On May 8, 1963 the Court entered an order which, among other things, denied plaintiff's motion for leave to file a supplemental complaint. Subsequently on May 21, the plaintiff filed a motion with the Court to reconsider its action in denying plaintiff's motion for leave to file a supplemental complaint. The propriety of the motion has been thoroughly briefed by both sides.

In its memorandum in support of the order denying leave to file a supplemental complaint, the Court gave as a reason that there would be a hiatus of a year between the recovery period allowable on the retrial and the period which would be covered by the supplemental complaint, and that the pitfalls and difficulties of trying two such cases simultaneously were patent, citing Mitchell v. RKO Rhode Island Corp., 148 F.Supp. 245, 247 (D.C.Mass.).

However, in its brief accompanying the motion to reconsider, plaintiff argued that there would be no hiatus in the recovery periods for the reason that the Federal Trade Commission had instituted a proceeding against the defendant on May 20, 1960 to investigate possible violations of Sect. 2 of the Clayton Act, as amended, 15 U.S.C. § 13, and Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, and that under 15 U.S.C. § 16(b) the statute of limitations would be suspended during the pendency of said proceeding. In making this argument, plaintiff's counsel relied upon the opinion of Judge Augelli in the United States District Court for the District of New Jersey filed on April 19, 1963 in the case of New Jersey Wood Finishing Company v. Minnesota Mining and Manufacturing Company, et al., 216 F.Supp. 507. The defendant argues that the language of Section 16(b) of Title 15 U.S.C. is to the effect that the running of the statute of limitations is suspended "Whenever any civil or criminal proceeding is instituted *by the United States* to prevent,

restrain, or punish violations of any of the antitrust laws * * * " and that the suspension does not occur when the proceedings are instituted by the Federal Trade Commission, as distinguished from a suit by the Justice Department.

Judge Augelli clearly assimulates a proceeding by the Federal Trade Commission to one "instituted by the United States." In the judgment of this Court, Judge Augelli's opinion is doubtful authority for this view, because of its reliance upon the case of Brunswick-Balke-Collender Co. v. American Bowling and Billiard Corp., 150 F.2d 69 (C.A. 2). When that case is examined it appears that the Court first considered the order of the Federal Trade Commission as a "final judgment or decree rendered in any criminal prosecution" or in any suit or proceeding in equity brought by or on behalf of the United States under the antitrust laws, but that on a petition for rehearing it decided that an order of the Federal Trade Commission was correctly excluded from evidence by the District Judge.

We recognize that Section 16 was amended in 1955 and since the Brunswick-Balke-Collender decision, but there is nothing in the amended language which clearly broadens the Act to include proceedings by the Commission. The language has been streamlined, but an examination of Public Law 137, July 7, 1955 (69 Stat. 282–283) clearly shows that it was only an amendment to Sect. 5 of the Clayton Act and that it made no reference to the Federal Trade Commission Act. The Brunswick case was reversed on the one point, because of the Court's revised conclusion that Sect. 16 applied only to the Clayton Act. There is *nothing* in the Amendment of 1955 which would point to a different conclusion. See also Proper v. John Bene & Sons, Inc., 295 F. 729 (D.C.N.Y.); International Tag & Salesbook Co. v. American Salesbook Co., Inc., 6 F.R.D. 45 (D. C.N.Y.).

There is a further reason for excluding the supplemental complaint which we deem conclusive. As was pointed out in F. T. C. v. Baltimore Paint & Color Works, 41 F.2d 474, 476 (C.A. 4), "The order of the Commission is not enforceable until affirmed by this court, and it would be a useless thing for the Commission to try the question of whether its order is being violated before affirmation of the order by this court." No authority on the point has been found, but, if plaintiff were allowed to amend and proceed to trial before the Federal Trade Commission investigations were concluded either by a stipulation or an enforcement order by the Court of Appeals, it would obtain the benefit of the suspension of the statute of limitations before any determination that it was entitled to it. Apart from the grave question whether Sect. 16 applies to a Federal Trade Commission proceeding, if plaintiff's views are correct (regardless whether the suspension resulted from a proceeding by the Commission or Justice Department), it would be allowed to introduce evidence of damage during the hiatus period before the Government proceeding reached a conclusion. This would be a manifest injustice to defendant. The Court believes it would be entitled to the suspension only if the Government proceeding resulted in a decree or judgment which could be used in its own case. This could only be determined by the Court after the judgment was rendered.

■ The second main question is: Should plaintiff's separate action be tried at the same time as the retrial of the first? This is a matter lying within the sound discretion of the Court. Under Rule 20(b) the court "may order separate trials or make other orders to prevent * * * prejudice." The dangers of prejudice to defendant are set forth in Mitchell v. RKO Rhode Island Corporation, supra. These dangers are substantial.

In addition the plaintiff has had the benefit of an injunction since January, 1961. If it has not sought its enforcement against practices of the defendant, it might be inferred that there was no.

need for enforcement during the period of time in question.

The motion to reconsider must be denied.

Plaintiff's second action will be set for trial on the merits immediately following a reasonable time for discovery.