**FORSTER MFG. CO., Inc., et al.,**
**Petitioners,**

v.

**FEDERAL TRADE COMMISSION,**
**Respondent.**

No. 6625.

United States Court of Appeals
First Circuit.
May 24, 1966.

13(a), in the sales of various woodenware products. We set aside the order because of the incorrectness of the Commission's reasoning and the resulting burden which it placed upon petitioner [1] in respect to two of the charges, hereinafter the "two charges." 335 F.2d at 55–56. We voiced no criticism as to what we will refer to hereafter as the "other charges." We also agreed with the petitioner that in any event the Commission's order was less than clear, and we added that in addition to clarifying it the Commission might consider other modifications. We did not define what these were, but the area of dispute was already apparent from the dissenting opinion of Commissioner Elman.

Unsatisfied with the scope of its success, petitioner sought certiorari. The Commission opposed. By a "memorandum" it represented that the petition was "premature" because if, as a result of our remand, the findings as to the two charges were reversed that "would probably upset * * * [another] finding * * *, might also undermine * * * [another] determination * * * [and] may induce it to re-examine the entire proceeding * * *." Certiorari was denied, 380 U.S. 906, 85 S.Ct. 887, 13 L.Ed.2d 794.

Richard A. Tilden, New York City, with whom Joseph B. Campbell, Augusta, Maine, was on brief, for petitioners.

Thomas F. Howder, Washington, D. C., Attorney with whom James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, and Frank Gregory, Washington, D. C., Attorney, were on brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT.

ALDRICH, Chief Judge.

This petition to review an order of the Federal Trade Commission was previously before us under the same name, and is reported, 1964, 335 F.2d 47. Originally involved were several charges of price discrimination in violation of section 2(a) of the Robinson-Patman Act, 15 U.S.C. §

■ On remand the Commission reaffirmed its findings as to the two charges, but both clarified and modified its order. Commissioner Elman filed a concurring opinion. Commissioner MacIntyre "non-concurred" because the new order was insufficiently broad. In its petition for review petitioner now seeks to set aside not only the findings as to the two charges, but as to the other charges as well.[2] The Commission's response with respect to the other charges is that they are not now open. In view of the fact that the Commission reaffirmed

1. The petition was filed by Forster Mfg. Co., Inc., and T. R. Hodgkins, its president. We will refer to them jointly in the singular.

2. It also seeks reconsideration of a completely unrelated matter, alleged deficiencies in the complaint and the Commission's refusal to remedy by furnishing particulars. This was elaborately reviewed in our original opinion, and a petition for rehearing was denied. For petitioner to seek further consideration, as it does at length, is singularly impermissible.

its findings, and we agree with the reaffirmance, the uncertainty which remained at the time certiorari was sought has evaporated. Insofar as review in this court is now concerned, the other charges are not open. Indeed, this would be so even if we disagreed with the Commission's reaffirmance. The broader reconsideration which the Commission stated to the Supreme Court this might call for was to be by the Commission on remand, not by us. Again, see fn. 2, petitioner is arguing matters we cannot consider.

■ With regard to the two charges, we accept the Commission's findings as to petitioner's improper conduct. Petitioner feels, if we may characterize its contentions, that the Commission's new opinion merely demonstrates that, "He that complies againt his will is of his own opinion still." [3] However, we do not think petitioner's present criticisms take the case beyond the rule that the Commission's conclusions must be upheld, where adequately supported, even though we might not agree with all of its reasoning.

We confess that we do not reach this decision without initial difficulty. It is charged in the Commission's brief that the petitioner's argument "is permeated with erroneous assertions of fact." None of these assertions is initially identified, beyond a blanket reference to nine pages in petitioner's brief, but the Commission's brief promises it will deal with "several" of them. Later, this blanket condemnation is repeated, but the promise is not kept. Only one alleged misstatement is ever specified. We highly disapprove of blackening an opponent by general accusations that one fails to support. It is particularly inappropriate for this to be done by an agency of the government.

Even as to the identified misstatement, petitioner's argument seems entirely proper, and the reconciliation it suggests of the evidence is at least as plausible as the treatment given this evidence by the Commission. Furthermore, with respect to discriminatory sales to Armour, we are not convinced that competitive history subsequent to the date on which the discriminatory price is announced is a persuasive index of petitioner's good faith on the date of the announcement, especially when a number of factors arguably contributing to that history are largely neglected, and no attempt is made to trace the history of the precise product to which the discriminatory price actually applied.

Nevertheless, we conclude that the petitioner did not present evidence upon which the *Staley* test, as applied in the *Staley* case,[4] dictates a finding of good faith. In particular, petitioner's argument about the $6.90 price, which the Commission charges it should not have returned to, fails to give due weight to the petitioner's previous influence on the market price, and to the fact that when this price was originally established, as well as when it was returned to, it was below petitioner's cost.

■ We turn to a point raised for the first time by motion presented at the oral argument, namely, that the original findings of the Commission were invalid because made by only two of a panel of three members, which was less than a majority of the full Commission. For the impropriety of this, petitioner cites Flotill Products, Inc. v. FTC, 9 Cir., 1966, 358 F.2d 224. Even if that case be correctly decided, it does not cover the present one. The present order is from a decision of the full, five member, Commission, one member dissenting with respect to the form of the order, only. Petitioner's objection must be limited to the prior decision. That decision remains only to the extent that, on remand, the full Commission accepted the findings previously arrived at as to the so-called other charges.

3. Samuel Butler, Hudibras.

4. FTC v. A. E. Staley Mfg. Co., 1945, 324 U.S. 746, 65 S.Ct. 971, 89 L.Ed. 1338. We do not discuss the law and background facts further, as they will be found in our earlier opinion, to which this is but a supplement.

The lack-of-majority vice, if it be a vice, affected the other charges when they came before us on the prior review. Then was manifestly the time to object. Not only did petitioner not raise the objection, but it candidly, and commendably, admits that it failed to do so not because of ignorance, but because, until it had a decision in its favor elsewhere, it did not think the point worth raising.

If petitioner had advanced this matter before, and we had accepted it, the full Commission on rehearing could have reviewed all of the factual questions as to the other charges as well. To let the Commission go ahead on the basis that these findings were valid, and then raise the point by motion to amend the petition for review at the time of argument, is the stuff that waiver and estoppel is made of. Even if petitioner's present point would normally be jurisdictional, it is not in this case. The full Commission has now spoken. The most that petitioner can say is that in entering its second order the full Commission relied, in part, on prior improper findings of fact. Petitioner knew the Commission would, or was at least likely to, rely on those findings. It is now too late to object, in just the same way that it would be too late if a party were to claim for the first time before us that a district court had accepted objectionable testimony. The findings were relevant. The time for asserting their incompetency is past.

Finally, as to the form of the order, we quite agree with petitioner that this order leaves something to be desired. The difficulty, however, as was considered at length in argument at the prior hearing, is that in this field no order can be perfect. This cannot mean that no order can be entered. As Commissioner Elman observed, "Having violated the law, a respondent must expect fencing in by the Commission." With respect to the application of the order in some of the areas which petitioner points out would be totally foreign to the type of conduct considered in this case, the Commission quotes in its brief from Heavenly Creations, Inc. v. FTC, 2 Cir., 1964, 339

F.2d 7, 9–10, cert. den. 380 U.S. 955, 85 S.Ct. 1089, 13 L.Ed.2d 972, that there should be no genuine fear that "the Commission will behave in * * * literalistic and arbitrary fashion." We will assume that the Commission will respect the principle it so quotes.

The petition will be dismissed.