**FARMINGTON DOWEL PRODUCTS CO.**

v.

**FORSTER MFG. CO., Inc. and Theodore R. Hodgkins.**

Civ. A. No. 7-73.

United States District Court
D. Maine, S. D.

April 17, 1967.

See also, D.C., 299 F.Supp. 1048.

C. Keefe Hurley, Earle C. Cooley, of Hale & Dorr, Boston, Mass., John A. Mitchell, John W. Philbrick, Portland, Me., for plaintiff.

Robert W. Meserve, John R. Hally, of Nutter, McClennon & Fish, Boston, Mass., Joseph B. Campbell, Augusta, Me., Richard A. Tilden, New York City, for defendant.

## MEMORANDUM TO COUNSEL AND ORDER OF THE COURT

GIGNOUX, District Judge.

At the pre-trial conference held in the above-entitled action on February 20, 1967, plaintiff filed a motion for the entry of a pre-trial order providing, *inter alia,* that:

1. Pursuant to section 5(a) of the Clayton Act, 15 U.S.C.A. 16(a), those portions of certified copies of the Federal Trade Commission's decisions and orders in Docket No. 7207 which relate to skewers and the decisions and judgments of the United States Court of Appeals for the First Circuit affirming the same are admissible and plaintiff shall be permitted to use them as prima facie evidence against the defendants in this case.

It was further agreed at the conference that the issue thus presented be determined by the Court in advance of trial upon the basis of briefs to be filed by the parties (the parties waiving oral argument), and that in the event of a ruling in favor of admissibility, the specific portions of said decisions, orders and judgments to be so admitted would be determined in accordance with the schedule set forth in the pre-trial order.

The Court having received and considered the written argument submitted by the parties in support of their respective positions, you are advised that the Court will rule at the trial that:

(1) Subject to the provisions of paragraph (3) hereof, those portions of certified copies of the decisions and orders of the Federal Trade Commission in Docket No. 7207 (Forster Mfg. Co., Inc., a corporation, and Theodore R. Hodgkins individually and as President of Forster Mfg. Co., Inc.) which relate to skewers are admissible in evidence, and plaintiff may use them as prima facie evidence against the defendants in this action.

(2) The decisions and judgments of the United States Court of Appeals for the First Circuit affirming said decisions and orders of the Federal Trade Commission (Forster Mfg. Co., Inc. v. FTC, 335 F.2d 47 (1st Cir. 1964) cert. denied, 380 U.S. 906, 85 S.Ct. 887, 13 L.Ed.2d 794 (1965); Forster Mfg. Co., Inc. v. FTC, 361 F.2d 340 (1st Cir. 1966), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967)), are not admissible in evidence, and plaintiff may not use them as prima facie evidence against the defendants in this action.

(3) The specific portions of said decisions and orders of the Federal Trade Commission to be admitted as prima facie evidence against the defendants in this action shall be those delineated by the Court following specification by the parties of the portions they will seek to use at the trial and the presentation of briefs and oral argument in accordance with the schedule set forth in the Pre-Trial Order dated February 20, 1967.

The bases of the foregoing rulings are as follows:

### I

Section 5(a) of the Clayton Act, 15 U.S.C. § 16(a) provides:

(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided,* That this section shall not apply to consent judgments or decrees entered before any testimony has been

taken or to judgments or decrees entered in actions under section 15a of this title.

It is undisputed that the proviso of Section 5(a) does not apply in this action. It is also beyond question that the Federal Trade Commission proceeding against these defendants was "brought * * * under the antitrust laws" and that the Commission's order was "to the effect that" the defendants have "violated said laws.¹" And it is equally clear that by virtue of the Finality Act, 73 Stat. 243 (1959), the Commission's order, when affirmed upon review, became the final order of the Commission. 15 U.S.C. § 21(c) (1964), New Jersey Wood Finishing Co. v. Minnesota Mining and Mfg. Co., 332 F.2d 346, 354–358 (3d Cir. 1964), aff'd, 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965). The sole question as to the admissibility of the Commission's order in this action is therefore whether that order is a "final judgment or decree * * * rendered in any civil or criminal proceeding brought by or on behalf of the United States" within the meaning of Section 5 (a).

In Minnesota Mining and Mfg. Co. v. New Jersey Wood Finishing Co., 381 U.S. 311, 85 S.Ct. 1473 (1965), the Supreme Court held that a Federal Trade Commission proceeding is a "civil or criminal proceeding * * * instituted by the United States" within the meaning of Section 5(b) of the Clayton Act, 15 U.S.C. § 16(b), and hence that a Com-

mission proceeding will toll the statute of limitations in Section 4B of the Act, 15 U.S.C. § 15b, to the same extent as do judicial proceedings.² The Court conceded that "the precise language of § 5 (b) does not clearly encompass Commission proceedings," id. at 321, 85 S.Ct. at 1478, and that "there is little in the legislative history to suggest that Congress consciously intended to include Commission actions within the sweep of the tolling provision." Id. at 320, 85 S.Ct. at 1478. On the other hand, the Court could find no "substantial evidence that (Congress) consciously intended to exclude them," and "in light of this legislative silence" the Court relied upon "the one element of congressional intention which is plain on the record—the clearly expressed desire that private parties be permitted the benefits of prior government actions." Ibid. It accordingly concluded that the inclusion of Commission proceedings in the tolling provision was necessary to

give effect to Congress' basic policy objectives in enacting § 5(b)—objectives which would be frustrated should we reach a contrary conclusion and thereby deprive large numbers of private litigants of the benefits of government antitrust suits simply because those suits were pursued by one governmental agency rather than the other.

Id. at 322, 85 S.Ct. at 1479.

In so holding, the Supreme Court rejected this Court's analysis of the statutory

---

1. It is evident from an examination of the Commission's decisions and orders that the present action is, as to skewers, the treble damage counterpart of the Commission proceedings.

2. Section 5(b) of the Clayton Act, 15 U.S.C. § 16(b) reads as follows:

(b) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of every private

right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter: Provided, however, That whenever the running of the statute of limitations in respect of a cause of action arising under section 15 of this title is suspended hereunder, any action to enforce such cause of action shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued.

language and legislative history in Farmington Dowel Prods. Co. v. Forster Mfg. Co., 223 F.Supp. 967, 972–973 (D. Me.1963), an earlier proceeding in the present action, in which this Court had ruled that Federal Trade Commission proceedings were not within the tolling provision of Section 5(b) of the Clayton Act.[3]

Although the Supreme Court in *Minnesota Mining* expressly declined to decide the question of whether Federal Trade Commission orders are admissible as prima facie evidence under Section 5(a), this Court can only conclude from that opinion that if the issue is presented in a proper case, the Court will hold such orders to be admissible. The presently relevant language in Sections 5(a) and 5(b) is substantially identical, and if a Federal Trade Commission proceeding is a "civil or criminal proceeding * * * instituted by the United States" within the meaning of Section 5(b), it is difficult to conceive that it is not a "civil or criminal proceeding brought by or on behalf of the United States," the description in Section 5(a) of the type of proceeding which gives rise to a judgment or decree admissible as prima facie evidence. Similarly, if the legislative history is "silent" as to the intent of Congress to include Commission proceedings within the Section 5(b) tolling provision, it is equally so as to Congress' intent to embrace Commission proceedings within the prima facie evidence provision of Section 5(a), since the com-

mittee reports and Congressional debates contain no suggestion that Congress intended to differentiate in the intended application of the tolling and the prima facie evidence provisions of Section 5.[4] Finally, it is "plain on the record" that the same Congressional purpose—"the clearly expressed desire that private parties be permitted the benefits of prior government actions"—underlies both the prima facie evidence provision of Section 5(a) and the tolling provision of Section 5(b). If the effectuation of that purpose requires that the Section 5(b) tolling provision be construed to encompass Commission proceedings, no reason appears why the Section 5(a) prima facie evidence provision should not be similarly read. As the Supreme Court observed with respect to Section 5(b) in *Minnesota Mining,* a contrary conclusion as to Section 5(a) would frustrate Congress' basic policy objectives by depriving private parties of the benefits of prior government antitrust actions "simply because those suits were pursued by one governmental agency rather than the other."

Absent a controlling decision, this Court is persuaded that the plain implication of the opinion of the Supreme Court in *Minnesota Mining* is that Federal Trade Commission orders are within the scope of Section 5(a) of the Clayton Act, and are admissible as prima facie evidence against a defendant in a subsequent private antitrust action to the extent provided in that section. *Ac-*

3. Prior to the Supreme Court's decision in Minnesota Mining, two other district courts had similarly concluded that Federal Trade Commission proceedings would not toll the statute of limitations. Volasco Prods. Co. v. Lloyd A. Fry Roofing Co., 223 F.Supp. 712 (E.D.Tenn.1963), aff'd, 346 F.2d 661 (6th Cir.), cert. denied, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed. 2d 157 (1965); Highland Supply Corp. v. Reynolds Metals Co., 221 F.Supp. 15 (E.D.Mo.1963), rev'd on other grounds, 327 F.2d 725 (8th Cir. 1964). The district court in the Minnesota Mining case had reached a contrary conclusion. New Jersey Wood Finishing Co. v. Minnesota

Mining and Mfg. Co., 216 F.Supp. 507 D.N.J.1963), aff'd, 332 F.2d 346 (3d Cir. 1964), aff'd, 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965).

4. The whole of Section 5, now subdivided into subdivisions (a) and (b), was enacted by the Congress as a part of the original Clayton Act. 38 Stat. 731 (1914). The relevant legislative history is summarized in an appendix to the opinion of Mr. Justice Black, dissenting, in Minnesota Mining, *supra* at 324, 327, 85 S.Ct. 1473, and was reviewed by this Court in Farmington Dowel Prods. Co. v. Forster Mfg. Co., *supra* at 973.

*cord:* Y & Y Popcorn Supply Co. v. ABC Vending Corp., 263 F.Supp. 709, 711 (E.D.Pa.1967); Carpenter v. Central Arkansas Milk Producers Ass'n, 1966 Trade Cas. § 71,817 (W.D.Ark.1966). *Contra,* Highland Supply Corp. v. Reynolds Metals Co., 245 F.Supp. 510, 514 (E.D.Mo.1965[5]).

## II

While this Court is of the view that Federal Trade Commission orders are admissible as prima facie evidence against a defendant under Section 5(a) of the Clayton Act, it seems clear that, when separately considered, the decisions and judgments of the United States Courts of Appeals affirming the Commission's orders are not. Even though the judgment of a Court of Appeals affirming a Commission order may be a "final judgment or decree" within the meaning of Section 5(a), the only operative effect of such a judgment is to affirm the order by which the Commission has determined that a defendant has violated the antitrust laws. 15 U.S.C. § 21 (c) (1964). As such, the action taken by the Court of Appeals, regarded independently of the Commission's order, can hardly be said to be the adjudication specified by Section 5(a) "to the effect that a defendant has violated said laws." Furthermore, appellate review of an order of the Commission is not instituted by the United States, but rather by the defendant. It is therefore not a proceeding "brought by or on behalf of the United States" as required by Section 5 (a). Highland Supply Corp. v. Reynolds Metals Co., 221 F.Supp. 15, 17 (E.D.Mo.

1963), rev'd on other grounds, 327 F.2d 725 (8th Cir. 1964).

## III

Defendants further contend that the decisions and orders of the Federal Trade Commission here involved are not admissible under Section 5(a) for the reason that the Commission's decisions and orders are void and of no effect because less than a majority of the Commissioners joined in the original order. Flotill Prods. Inc. v. FTC, 358 F.2d 224 9th Cir. 1966), petition for cert. filed, 386 U.S. 1003, 87 S.Ct. 1343, 18 L.Ed.2d 431 (1966). *Contra,* Lapeyre v. FTC, 366 F.2d 117 (5th Cir. 1966).

The same question as to the validity of the Commission's orders was raised by the defendants in seeking review of those orders by the Court of Appeals. That Court effectively disposed of the defendants' contention as follows:

> We turn to a point raised for the first time by motion presented at the oral argument, namely, that the original findings of the Commission were invalid because made by only two of a panel of three members, which was less than a majority of the full Commission. For the impropriety of this, petitioner cites Flotill Products, Inc. v. FTC, 9 Cir., 1966, 358 F.2d 224. Even if that case be correctly decided, it does not cover the present one. The present order is from a decision of the full, five member, Commission, one member dissenting with respect to the form of the order, only. Petitioner's objection must be limited to the prior

---

5. Prior to the Supreme Court's decision in Minnesota Mining, the Courts of Appeals for the Second and Third Circuits had similarly concluded that Section 5(a) embraced Federal Trade Commission proceedings. Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., 150 F.2d 69, 71–72 (2d Cir.), on rehearing rev'd on other grounds, 150 F.2d 74, cert. denied, 326 U.S. 757, 66 S.Ct. 99, 90 L.Ed. 455 (1945); New Jersey Wood Finishing Co. v. Minnesota Mining and Mfg. Co., 332 F.2d 346, 357–359 (3d Cir. 1964), aff'd, 381 U.S. 311, 85 S.Ct. 1473 (1965). The Court of Appeals for the Eighth Circuit had come to a contrary conclusion. Highland Supply Corp. v. Reynolds Metals Co., 327 F.2d 725 (8th Cir. 1964). The commentators, apparently without exception, were of the latter view. See authorities cited in Farmington Dowel Prods. Co. v. Forster Mfg. Co., *supra* at 974.

decision. That decision remains only to the extent that, on remand, the full Commission accepted the findings previously arrived at as to the so-called other charges. The lack-of-majority vice, if it be a vice, affected the other charges when they came before us on the prior review. Then was manifestly the time to object. Not only did petitioner not raise the objection, but it candidly, and commendably, admits that it failed to do so not because of ignorance, but because, until it had a decision in its favor elsewhere, it did not think the point worth raising.

If petitioner had advanced this matter before, and we had accepted it, the full Commission on rehearing could have reviewed all of the factual questions as to the other charges as well. To let the Commission go ahead on the basis that these findings were valid, and then raise the point by motion to amend the petition for review at the time of argument, is the stuff that waiver and estoppel is made of. Even if petitioner's present point would normally be jurisdictional, it is not in this case. The full Commission has now spoken. The most that petitioner can say is that in entering its second order the full Commission relied, in part, on prior improper findings of fact. Petitioner knew the Commission would, or was at least likely to, rely on those findings. It is now too late to object, in just the same way that it would be too late if a party were to claim for the first time before us that a district court had accepted objectionable testimony. The findings were relevant. The time for asserting their incompetency is past.

Forster Mfg. Co., Inc. v. FTC, 361 F.2d 340, 342–343 (1st Cir. 1966).

Certainly, if the validity of the Commission's orders could not be effectively challenged on direct review by the Court of Appeals, they cannot be collaterally attacked here.

It is so ordered.