### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

### G AND M LATH AND PLASTER CO., INC., et al., Respondents.

No. 81–4113.

United States Court of Appeals,
Fifth Circuit.

March 15, 1982.

Elliott Moore, Associate Deputy Gen. Counsel, Charles Donnelly, N.L.R.B., Washington, D. C., for petitioner.

Before BROWN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

This case is before the Court upon a petition of the National Labor Relations Board ("The Board") under Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., ("the Act") for enforcement of its order issued September 30, 1980 against Respondents G and M Lath and Plaster Co., Inc.; Central Texas Lath & Plastering, Inc.; Power Wall Exterior Systems, Inc.; and Larry McCaslin, individually and d/b/a Power Wall Exterior Systems, Inc. The Board found violations of the Act by the employer companies and by Larry McCaslin in his individual capacity, and entered an order deemed appropriate to remedy the violations. The Board's decision and order are reported at 252 NLRB No. 137.

Pursuant to Rule 15(b), Fed.R.App.P., Respondents filed an Answer to the Board's petition for enforcement. Thereafter, Respondents ceased any semblance of compliance with the Federal Rules of Appellate Procedure. Respondents failed to file any briefs with this Court, although two requests for briefs and extensions for time to file the same were sent to them by this Court. On the date set for oral argument, the Board appeared by its counsel, but Respondents were nowhere to be seen. No explanation for their failure to submit briefs or to appear at oral argument has ever been offered by Respondents to this Court.

Under these circumstances, the Board may well be entitled to enforcement of its order by default. See N.L.R.B. v. Eva-Ray Dress Mfg. Co., Inc., 191 F.2d 850 (5th Cir. 1951) (where Respondents failed to answer the Board's petition for enforcement and did not appear at oral argument, a decree was entered enforcing the Board's order by default). Nevertheless, we agree with the reasoning in N.L.R.B. v. Local 111, United Bro. of Carpenters, Etc., 278 F.2d 823, 825 (1st Cir. 1960):

"Any order entered following a decision by the Board is, of course, the Court's order, and not that of the Board. In this respect the matter differs from an appeal from a district court. We are correspondingly more concerned with the content of the order ... It does not follow [however] that an order prepared by the Board must be examined with the full scrutiny that would be accorded had respondents diligently preserved and prosecuted their rights. We think the correct rule is that in case of default an order should be enforced if it is not unreasonable on its face, and has some semblance of support on the findings below. Beyond that we see no occasion to enquire. [Citation omitted.]"

. Having examined the record and the Board's decision in this case, we find that the order is certainly not unreasonable and is supported by the findings. Accordingly, the order of the Board is

ENFORCED.